FILED

SEP 27 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRAN SMILEY,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM MUNIZ, Warden,<br><br>    Respondent. | Case No. 15-cv-05507 RMW (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; GRANTING CERTIFICATE OF APPEALABILITY** |

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 sentence imposed by the Superior Court of Alameda County. The court issued an order to show cause. In lieu of an answer, respondent has filed a motion to dismiss the petition as an unauthorized second or successive petition. Petitioner has filed an opposition, and respondent has filed a reply. For the reasons stated below, the court GRANTS respondent's motion to dismiss the petition as an unauthorized second or successive petition.[1]

---

[1] Petitioner has also filed a motion to amend his petition. Because his proposed amendment challenges the same 2006 judgment at issue here, it would also be an unauthorized second or successive petition. Thus, petitioner's motion to amend is denied.

Case No. 15-cv-05507 RMW (PR)
ORDER GRANTING MOTION TO DISMISS; GRANTING CERTIFICATE OF APPEALABILITY

1

## DISCUSSION

A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence unless the claims presented in the previous petition were denied for failure to exhaust. See 28 U.S.C. § 2244(b); Babbitt v. Woodford, 177 F.3d 744, 745-46 (9th Cir. 1999). Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b). Although the AEDPA has not defined the term "second or successive," the Ninth Circuit has interpreted this phrase as one derived from the "abuse of the writ" doctrine developed pre-AEDPA. See, e.g., Felker v. Turpin, 518 U.S. 651, 664 (1996) (stating that Section 2244(b) is an evolutionary extension of the abuse of the writ doctrine). A petitioner, therefore, abuses the writ when he raises a habeas claim that could have been raised in an earlier petition unless he had a legitimate excuse for not doing so. See McCleskey v. Zant, 499 U.S. 467, 493 (1991).

In the underlying petition, petitioner states that the sentence imposed violated Blockburger v. United States, 284 U.S. 299 (1932). Specifically, petitioner claims that the trial court's imposition of a sentence of 25 years to life for his conviction on count 1 exceeded the maximum allowable sentence because both the kidnapping enhancement and the substantive offense (rape) relied upon a single transaction. Here, the instant petition is not petitioner's first habeas petition concerning his 2006 criminal judgment from the Alameda County Superior Court. Petitioner has filed a previous federal habeas petition, challenging the same 2006 convictions and sentence. In that petition, petitioner did not raise this underlying sentencing claim. This court denied petitioner's previous petition on the merits. See Smiley v. Evans, No. C 08-00045 RMW (N.D. Cal. denied Sept. 8, 2009).

Petitioner argues that his petition is not second or successive. He states that, in 2015, nine year after imposition of the judgment, he filed a motion for modification of his sentence, raising

Case No. 15-cv-05507 RMW (PR)
ORDER GRANTING MOTION TO DISMISS; GRANTING CERTIFICATE OF APPEALABILITY

2

the same claim he alleges in the underlying petition. Dkt. No. 12-2 at 4. The Superior Court denied the motion stating that it lacked jurisdiction to modify an authorized sentence, but corrected the abstract of judgment to correct a clerical error. Dkt. No. 12-2 at 81-82. Specifically, the Superior Court observed that although the jury had found true kidnapping special allegations for counts 2 through 6, the abstract of judgment did not accurately reflect the oral pronouncement of the sentence. Id. at 82. As to that clerical error, the Superior Court corrected the abstract of judgment. Id.

This is not a case like Magwood v. Patterson, in which the Supreme Court held that a challenge to new sentence after a subsequent sentencing hearing was not second or successive under Section 2244(b). Magwood, 561 U.S. 320, 342 (2010). In Magwood, the petitioner filed a habeas corpus petition and was granted a conditional writ of habeas corpus. As a result of that writ, petitioner was re-sentenced. He then filed another habeas corpus petition, challenging that new sentence. The Supreme Court determined that the new petition was not barred by the second or successive restriction because it challenged a new judgment. Similarly, in Wentzel v. Neven, the Ninth Circuit held that a petitioner's petition was not second or successive because it was the first petition to challenge a new, intervening judgment of conviction that was entered after the initial, partially successful habeas petition led to a new, amended judgment. Wentzel, 674 F.3d 1124, 1126-27, 1128 (9th Cir. 2012).

Here, instead, the state court did not amend the judgment, or enter a new judgment. See People v. Mitchell, 26 Cal.4th 181, 185 (2001) ("An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."). Rather, the Superior Court corrected a clerical error so that the abstract reflected the oral pronouncement of the sentence. See, e.g., Johnson v. Duffy, No. 13-17376, 591 Fed. App'x. 629, 629-30 (9th Cir. 2015) (petition was second or successive where the amendment to abstract of judgment was a clerical change

Case No. 15-cv-05507 RMW (PR)
ORDER GRANTING MOTION TO DISMISS; GRANTING CERTIFICATE OF APPEALABILITY

3

which did not revise petitioner's sentence, petitioner was never resentenced, and the trial court never amended the original judgment) (unpublished memorandum disposition); <u>Brownlee v. Rommoro</u>, 2015 WL 3843364, at *3 (E.D. Cal. June 19, 2015) (finding that the Superior Court's amendment of abstract to correct a clerical error so that the abstract would conform with the oral pronouncement of judgment was not an "intervening" or "new" judgment as discussed in <u>Magwood</u> or <u>Wentzell</u>); <u>Tate v. Trimble</u>, 2013 WL 3816991, at *7 (C.D. Cal. July 18, 2013) (concluding that <u>Magwood</u> was not applicable where sentencing court's nunc pro tunc order corrected a clerical error regarding the petitioner's sentence and did not amount to a change in judgment).

In this case, petitioner was not resentenced, and his convictions and sentence were not disturbed. Thus, the revised abstract of judgment to correct a clerical error is not an intervening or new judgment. Therefore, the court finds that this federal petition is an unauthorized second or successive petition. Because both petitions challenge the same 2006 judgment, and petitioner has not presented an order from the Ninth Circuit Court of Appeals authorizing this court to consider any new claims, this court must dismiss the instant petition in its entirety. <u>See</u> 28 U.S.C. § 2244(b).

## CONCLUSION

The instant habeas petition is DISMISSED without prejudice to refiling if petitioner obtains the necessary order. Petitioner's motion to amend the petition is DENIED. The clerk shall close the file.

Petitioner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Specifically, a certificate of appealability is granted as to the issue of whether petitioner's petition is second or successive. Accordingly, a certificate of appealability is

Case No. 15-cv-05507 RMW (PR)
ORDER GRANTING MOTION TO DISMISS; GRANTING CERTIFICATE OF APPEALABILITY

1  GRANTED.

2  **IT IS SO ORDERED.**

3  DATED: _9/27/2016_       _Ronald M. Whyte_
                            RONALD M. WHYTE
4                           UNITED STATES DISTRICT JUDGE